UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILWAUKEE ELECTRIC TOOL CORPORATION,
METCO BATTERY TECHNOLOGIES, LLC,
AC (COMMERCIAL OFFSHORE DE MACAU)
LIMITADA and TECHTRONIC INDUSTRIES CO., LTD.,

        Plaintiffs,

v.                                    Case No. 09-C-948

HITACHI KOKI CO., LTD., and
HITACHI KOKI USA, LTD.,

        Defendants.

**DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

**I. BACKGROUND**

On October 1, 2009, the plaintiffs, Milwaukee Electric Tool Corporation, Metco Battery Technologies, LLC, AC (Commercial Offshore De Macau) Limitada, and Techtronic Industries Co. Ltd., commenced this action by filing a complaint against Hitachi Koki Co., Ltd. and Hitachi Koki USA, Ltd. In their original complaint, the plaintiffs alleged five counts of patent infringement. The plaintiffs further alleged that the defendants had willfully infringed at least one of the patents at issue. On November 19, 2009, the plaintiffs filed an amended complaint against the defendants. In their amended complaint, the plaintiffs re-allege their five counts of patent infringement and assert that the defendants willfully infringed all five patents.

On January 22, 2010, the defendants filed a motion to dismiss the action. The motion was fully briefed on March 1, 2010. The parties then pursued resolution of the case through mediation. The court

therefore denied the defendants' motion to dismiss without prejudice, allowing the defendants to re-open their motion if mediation proved unsuccessful. On January 6, 2011, the defendants filed a motion to re-open their motion to dismiss the plaintiffs' claim for willful infringement due to unsuccessful settlement attempts. The motion is now ready for resolution and will be decided by the court based on the briefs already on file.

## II. FACTS

The plaintiffs, with the exception of Metco Battery Technologies,[1] are corporations and co-owners, by assignment, of five separate U.S. patents, including patents '257, '654, '847 and '167. (Am. Complaint ¶¶ 1-6, 9-23.) The plaintiffs' patents were issued on January 16, 2007, February 13, 2007, January 29, 2008, March 24, 2009, and June 30, 2009, respectively. (Am. Compl. ¶¶ 9-23.) The patents at issue protect various methods and systems for the protection and charging of lithium-based batteries, as well as the invention of a battery pack for hand-held tools. *Id.* Defendant Hitachi Koki Co., Ltd., is a foreign corporation located in Japan and defendant Hitachi Koki USA, Ltd., is a domestic corporation. (Am. Compl. ¶¶ 5-6.) The defendants sell and import power tools, battery packs, and chargers into the United States. (Am. Compl. ¶ 8.)

The plaintiffs contend that the defendants sell several lines of power tools that use lithium-ion battery packs and as part of these product lines, also sell or offer for sale lithium-ion battery packs of various voltages and chargers. (Am. Compl. ¶¶ 8, 25, 30-31, 36-37, 42-43, 48.) The plaintiffs allege that the defendants are directly and indirectly infringing upon the plaintiffs' exclusive patent rights "by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions that are within the scope of the [plaintiffs' patents] and/or [] causing others to offer for sale, sell, and use the

---

[1] Plaintiff Metco Battery Technologies is a company listed in the complaint as a licensee of certain exclusive rights pertaining to each of the five patents at issue.

infringing products." (Am. Compl. ¶¶ 26-27, 32-33, 38-39, 44-45, 49-50.) The plaintiffs further allege that the defendants were aware of the existence of the plaintiffs' patents prior to the filing of the amended complaint and also allege that the defendants' infringement was willful. (Am. Compl. ¶¶ 28, 34, 40, 46, 51, D.)

### III. STANDARD OF REVIEW

Upon a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must decide whether a plaintiff's pleadings actually state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to the probability standard. *Id*. A plaintiff's complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the plaintiff must "'nudge[] his claims' . . . 'across the line from conceivable to plausible.'" *Iqbal*, ___ U.S. ___, 129 S. Ct. at 1950-51.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at ___, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. Factual allegations consisting of "abstract recitations of elements of a

3

cause of action or conclusory legal statements" are inadequate because a plaintiff must provide notice to a defendant of the plaintiff's claims. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Moreover, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

To state a claim for patent infringement, a plaintiff need only plead facts sufficient to place the defendant on notice of the alleged infringement. *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). In the specific context of willful infringement, a plaintiff must demonstrate through the complaint that the plaintiff has a good faith basis for asserting willful infringement. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) (hereinafter *Seagate*). This means that the plaintiff must provide "a pleading equivalent to 'with knowledge of the patent and of his infringement.'" *Sentry Prot. Prods., Inc. v. Hero Prods., Inc.*, 400 F.3d 910, 918 (Fed. Cir. 2005) (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)). However, an allegation of willful infringement is not subject to a heightened pleading standard, but instead must meet the requirements of Rules 8 and 11(b) of the Federal Rules of Civil Procedure. *Seagate*, 497 F.3d at 1374.

## IV. DISCUSSION

In support of their motion to dismiss, the defendants first argue that the plaintiffs must prove that the alleged infringer acted with "objective recklessness" in order to succeed on a claim for willful infringement. (Defs.' Mem. in Supp. 3.) The defendants claim that the plaintiffs fail to "properly plead any facts demonstrating objectively reckless conduct as required for a willful infringement claim." (Defs.' Mem. in Supp. 4.) Second, the defendants assert that the plaintiffs misconstrue willful infringement as a demand for enhanced damages, not as an independent claim, and therefore fail to meet

4

the pleading requirements of Fed. R. Civ. P. 8(a). (Defs.' Reply 4–6.) Finally, the defendants state that the plaintiffs allege only knowledge of the patents at issue, not knowledge of the infringement, as required by the Federal Circuit.[2] (Defs.' Reply 3.) For the reasons set forth below, the court finds that the defendants' arguments fail, and will therefore deny the defendants' motion to dismiss the plaintiffs' willful infringement claim.

### A. "Objective Recklessness"

The defendants argue that the court should dismiss the plaintiffs' willful infringement claim because the plaintiffs fail to allege "objective recklessness" as required by *Seagate*. Specifically, the defendants state that "[t]he Amended Complaint does not state even a single fact that suggests 'an objectively high likelihood that [the defendants' alleged] actions constituted infringement of a valid patent' and that [the defendants] knew or should have known of this objectively defined risk, both of which are necessary elements of a willful infringement claim." (Defs.' Mem. in Supp. 4.) The defendants therefore ask this court to dismiss the plaintiffs' willful infringement claim for failing to meet the standards set out in *Seagate*.

In *Seagate*, the Federal Circuit held that a plaintiff must establish "objective recklessness" in order to prevail on a willful infringement claim, therefore entitling the plaintiff to enhanced damages. *Seagate*, 497 F.3d at 1371. The court further clarified that a plaintiff must "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" in order to establish "objective recklessness." *Id*. This standard was used by the court not in a Fed. R. Civ. P. 12(b)(6) motion, but rather to evaluate the district court's order compelling discovery. *Id*. at 1376.

---

[2] Federal Circuit precedent governs matters of substantive patent law. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1377 (Fed. Cir. 2010.)

5

The defendants' reliance on *Seagate* for purposes of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is misplaced. Although the defendants properly assert that *Seagate* sets forth the standard for establishing willful infringement, the defendants fail to recognize that *Seagate* is not controlling for purposes of pleading under Fed. R. Civ. P. 8(a). In fact, several courts have noted that *Seagate* is not appropriate for the pleading stage of litigation, and find that a plaintiff need only meet the standards set forth in Fed. R. Civ. P. 8(a) to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Rambus, Inc. v. Nvidia Corp.*, No. C 08-3343 SI, 2008 WL 4911165, at *2 (N.D. Cal. Nov. 13, 2008) (stating that the defendant erroneously cited *Seagate* in "address[ing] what is necessary to prove a claim of willfulness, not whether a plaintiff ha[d] sufficiently alleged willful infringement as a pleading matter.") *See also Plant 21 LLC. v. Cascade Greenhouse*, No. C07-5640-BHS, 2008 WL 3540602, *1 (W.D. Wash. Aug. 8, 2008) ("An allegation of willful infringement is not subject to a heightened pleading standard but must meet the requirements of Rule 8.")

Thus, the court finds that the plaintiffs need not allege facts that establish "objective recklessness" under *Seagate*. Instead, the plaintiffs must meet the pleading requirements of Fed. R. Civ. P. 8(a).

### B. Pleading Requirements of Fed. R. Civ. P. 8(a)

The defendants argue that the plaintiffs misconstrue willful infringement as a demand for enhanced damages and therefore fail to meet the pleading requirements of Fed. R. Civ. P. 8(a). Specifically, the defendants argue that willful infringement is a separate claim, which is governed by Fed. R. Civ. P. 8(a)(2), not a demand for relief pursuant to Fed. R. Civ. P. 8(a)(3). The plaintiffs respond that if their request for a finding of willfulness and for enhanced damages are treated as an independent willful infringement claim, then the amended complaint sufficiently alleges that the defendants willfully infringed the five patents. (*See* Am. Compl. ¶¶ 26–28, 32–34, 38–40, 44–46, 49–51.) The plaintiffs

further argue that their allegation of willfulness should not be construed as an independent claim under Fed. R. Civ. P. 8(a)(2), but rather as a part of their demand for relief governed by Fed. R. Civ. P. 8(a)(3).

Fed. R. Civ. P. 8(a) provides the following:

**Claim for Relief**. A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The plaintiffs' confusion as to whether their allegation of willful infringement should be considered an independent claim under Fed. R. Civ. P. 8(a)(2) or as part of their request for enhanced damages pursuant to Fed. R. Civ. P. 8(a)(3) is understandable in light of recent conflicting case law. The plaintiffs cite *Veto Pro Pac, LLC v. Custom Leathercraft Mfg. Co., Inc.*, No. 3:08-cv-00302 (VLB), 2009 WL 276369, *3 (D. Conn. Feb. 5, 2009), for the proposition that "willful infringement is not a claim in and of itself, but it is grounds for enhanced damages." However, this single ruling conflicts with a number of decisions that treat willful infringement as an independent claim. *See, e.g.*, *Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2010) (evaluating a "claim of willfulness" under Fed. R. Civ. P. 8(a)(2)); *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007) (finding the plaintiff's allegations "plainly more than sufficient to meet the requirements of Rule 8(a)(2) for pleading a willful infringement claim and avoid dismissal under Rule 12(b)(6).") This court will treat the plaintiffs' allegation of willful infringement as a claim under Fed. R. Civ. P. 8(a)(2) for purposes of the defendants' motion to dismiss.

### C. Knowledge of the Infringement

To adequately plead willful infringement, a plaintiff must provide "a pleading equivalent to 'with knowledge of the patent and of his infringement.'" *Sentry Prot. Prods.*, 400 F.3d at 918. The defendants argue that the amended complaint only asserts knowledge of the patents and is therefore "insufficient to allege that [the defendants] knew of the alleged infringement of the asserted patents." (Defs.' Reply 3.)

Upon review of the amended complaint, it is evident that the plaintiffs have sufficiently supported their claim for willful infringement. In addition to their claim that "[the defendants'] infringement was willful," which was included alongside their prayer for relief for treble damages, the plaintiffs allege that "[the defendants were] aware of [the plaintiffs' patents] prior to filing [the] Amended Complaint" and yet continued to infringe the patents. (Am. Compl. ¶¶ 26-28, 32-34, 38-40, 44-46, 49-51, D.) In other words, by alleging that the defendants were aware of the plaintiffs' patents and that the defendants were infringing and continue to infringe upon each of the plaintiffs' patents, the plaintiffs provide "a pleading equivalent to 'with a knowledge of the patent and of his infringement,'" and therefore successfully plead their willful infringement claim. *Sentry Prot. Prods.*, 400 F.3d at 918. *See also Jardin v. Datallegro, Inc.*, No. 08cv1462-IEG-RBB, 2009 WL 186194, at *7 (S.D. Cal. Jan. 20, 2009) (finding the plaintiff's allegation that the "[d]efendants has [sic] actual or constructive knowledge of the [patent], yet continue to infringe this patent to this very day" sufficient to plead willful infringement).

Ultimately, the plaintiffs' allegation that the defendants were aware of the plaintiffs' five patents that the defendants allegedly had infringed and continued to infringe upon, is sufficient to plead willful infringement in the context of the plaintiffs' request for a finding of willful infringement and treble damages. The plaintiffs plead adequate factual detail to set forth a facially plausible willfulness claim and also provide the defendants with adequate notice of that claim.

In conclusion, and for all of the foregoing reasons, the defendants' motion to dismiss will be denied.

**NOW THEREFORE IT IS ORDERED** that the defendants' motion to dismiss be and hereby is **DENIED**;

**SO ORDERED** this 14th day of February 2011, at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge